**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| C. Sukari Hardnett and Lisa Dennis, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>Select Portfolio Servicing, Inc.,<br><br>        Defendant. | Civil Action No. 1:24-cv-01534-RDM |

**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS"), by and through its undersigned counsel, hereby answers or otherwise responds to the First Amended Class Action Complaint ("Amended Complaint") filed by Plaintiffs C. Sukari Hardnett ("Hardnett") and Lisa Dennis ("Dennis") (together, "Plaintiffs"). SPS' responses are made without waiving, and expressly reserving, all rights that SPS has to file dispositive motions addressed to some or all of the claims asserted in the Amended Complaint. Except as expressly admitted herein, each and every allegation in the Amended Complaint is denied.

**I.    INTRODUCTION[1]**

1.    The allegations in Paragraph 1 are introductory and conclusory in nature, and therefore require no response. To the extent a response is required, SPS admits only that Plaintiffs purport to assert claims as alleged. SPS denies all remaining allegations in Paragraph 1 and specifically denies that any class should be certified.

---

[1] For purposes of this Answer and for ease of reference, SPS adopts the headers from Plaintiffs' Amended Complaint. SPS does not admit the truth of any allegation contained within any headings or sub-headings, but instead expressly denies any such allegations.

2.      With respect to the allegations in Paragraph 2, SPS admits only that it services residential mortgages and that it sometimes charges a nominal "EZ Pay" fee to borrowers who request that SPS provide them with the service of making their monthly mortgage payments by telephone or online, rather than through the United States mails or other no-fee payment options SPS offers and states that whether an EZ Pay fee is charged and the amount of the EZ Pay fee vary based on the borrower's circumstances, including the timing of the payment and whether the borrower requests a fee reduction or waiver, and that any fee that is charged will not exceed $15.00. SPS denies that the EZ Pay fees violate any law; denies that Plaintiffs' mortgage loan agreements do not authorize the EZ Pay fees; denies that the mortgage loan agreements of other borrowers do not authorize the EZ Pay fees; and denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.  SPS specifically denies that borrowers have to "pay" in order to "pay" their mortgage loans, and denies Plaintiffs' terms and allegations referring to "Pay-to-Pay" transactions or fees.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 2.

3.      SPS denies the allegations in the first sentence of Paragraph 3.  With respect to the allegations in the second sentence of Paragraph 3, SPS states that the cited regulation speaks for itself and is the best evidence of its contents, denies the allegations in the second sentence of Paragraph 3 to the extent they are inconsistent with the cited regulation, and otherwise denies the allegations in the second sentence of Paragraph 3.

4.      SPS denies the allegations in the first sentence of Paragraph 4.  The allegations in the second, third, and fourth sentences of Paragraph 4 are vague, general, without foundation, and speculative and therefore require no response.  To the extent a response is required, SPS denies the allegations in the second, third, and fourth sentences of Paragraph 4.

2

5.     The allegations in Paragraph 5 are vague, speculative, without foundation, and contain conclusions of law, and therefore no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 5 and specifically denies that EZ Pay fees are not authorized under Plaintiffs' mortgage loan agreements and the mortgage agreements of other borrowers, that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members, and that the EZ Pay fees are not authorized under applicable law.

6.     With respect to the allegations in Paragraph 6, SPS admits only that Plaintiffs were charged nominal EZ Pay fees when they each requested that SPS provide them with the service of taking their monthly mortgage payments by telephone, rather than through the United States mails (as their mortgage loan agreements provide) or other no-fee payment options SPS offers, and that Plaintiffs purports to bring this action as alleged.  Further answering, SPS states that Hardnett was not charged any EZ Pay fees during the statute of limitations period applicable to the claims that Plaintiffs purport to assert in this case, that Hardnett's mortgage loan is due for the March 2021 payment, and that Hardnett is not currently being charged EZ Pay fees by SPS and will not be charged EZ Pay fees by SPS in the future.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 6, and specifically denies that any class should be certified.

## II.    PARTIES, JURISDICTION, AND VENUE

7.     The allegations in the first sentence of Paragraph 7 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Hardnett is a natural person and states that it lacks sufficient knowledge or information to admit or deny where Hardnett resides and therefore denies the allegation.  With respect to the allegations in the second and third sentences of Paragraph 7, SPS admits that Hardnett has a mortgage loan serviced by SPS

3

that is secured by property in Washington, D.C.  With respect to the allegations in the fourth sentence of Paragraph 7, SPS admits only that on some occasions, prior to the statute of limitations period applicable to the claims that Plaintiffs purports to assert in this case, Hardnett was charged a nominal EZ Pay fee when she requested that SPS provide her with the service of taking her monthly mortgage payments by telephone, rather than through the United States mails (as her mortgage loan agreements provide) or other no-fee payment options SPS offers.  Further answering, SPS states that Hardnett's mortgage loan is due for the March 2021 payment and Hardnett is not currently being charged EZ Pay fees by SPS and she will not be charged EZ Pay fees by SPS in the future.  Except as otherwise expressly admitted herein, SPS denies the allegations in Paragraph 7.

8.      The allegations in the first sentence of Paragraph 8 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Dennis is a natural person and states that it lacks sufficient knowledge or information to admit or deny where Dennis resides and therefore denies the allegation.  With respect to the allegations in the second and third sentences of Paragraph 8, SPS admits that Dennis has a mortgage loan serviced by SPS that is secured by property in Washington, D.C.  With respect to the allegations in the fourth sentence of Paragraph 8, SPS admits only that on some occasions, Dennis was charged a nominal EZ Pay fee when she requested that SPS provide her with the service of taking her monthly mortgage payments by telephone, rather than through the United States mails (as her mortgage loan agreements provide) or other no-fee payment options SPS offers.  Except as otherwise expressly admitted herein, SPS denies the allegations in Paragraph 8.

9.      With respect to the allegations in Paragraph 9, SPS admits only that its principal place of business is in Salt Lake City, Utah and otherwise denies the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits it does business in the District of Columbia and that the personal jurisdiction of this Court over SPS is proper.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Plaintiffs have mortgage loans secured by real property in this District.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 12.

## III.    APPLICABLE LAW

### A.  Mortgage Lenders and Brokers Act (MLBA)

13.     The allegations in Paragraph 13 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the MLBA and applicable law.

14.     The allegations in Paragraph 14 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the MLBA and applicable law.

15.     The allegations in Paragraph 15 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the MLBA and applicable law.

16.     The allegations in Paragraph 16 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA, the cited regulations, and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the MLBA, the cited regulations, and applicable law.

17.     The allegations in Paragraph 17 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA, the cited regulations, and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the MLBA, the cited regulations, and applicable law.

18.     The allegations in Paragraph 18 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA, the cited regulations, and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the MLBA, the cited regulations, and applicable law.

19.     The allegations in Paragraph 19 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA, the cited regulations, and applicable law speak for themselves and are the best evidence of their contents and denies the

allegations to the extent they are inconsistent with the MLBA, the cited regulations, and applicable law.

20.    The allegations in Paragraph 20 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the MLBA, the cited regulations, and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the MLBA, the cited regulations, and applicable law.

**B. District of Columbia Consumer Protection Procedures Act (DC CPPA)**

21.    The allegations in Paragraph 21 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the CPPA and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the CPPA and applicable law.

22.    The allegations in Paragraph 22 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the CPPA and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the CPPA and applicable law.

23.    The allegations in Paragraph 23 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the CPPA and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the CPPA and applicable law.

24.    The allegations in Paragraph 24 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the CPPA and applicable law speak

for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the CPPA and applicable law.

25.     The allegations in Paragraph 25 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that the CPPA and applicable law speak for themselves and are the best evidence of their contents and denies the allegations to the extent they are inconsistent with the CPPA and applicable law.

## IV.    FACTUAL ALLEGATIONS

### A.  SPS Is Retained by Mortgage Lenders to Service and Collect Mortgage Debt

26.     With respect to the allegations in the first sentence of Paragraph 26, SPS admits that it services mortgage loans throughout the United States.  The allegations in the second sentence of Paragraph 26 are vague and summary in nature, and therefore SPS denies them because the terms and legal authority under which SPS services loans vary.  To the extent a further response is required to the second sentence of Paragraph 26, SPS admits that it sometimes collects mortgage payments, charges authorized fees, and initiates foreclosure on properties securing the mortgages or deeds of trust and notes of borrowers whose loans it services.  SPS admits the allegations in the third sentence of Paragraph 26.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 are vague, summary in nature, and state conclusions of law, and therefore require no response.  To the extent a response is required, SPS denies the allegations in Paragraph 27 because the terms and legal authority under which SPS services loans vary.  To the extent a further response is required, SPS admits that it enters into agreements with certain third parties pursuant to which SPS provides servicing and sub-servicing services and that it is compensated by third parties for providing these services.  SPS states that its

agreements with third parties and applicable law speak for themselves and are the best evidence of their contents and denies the allegations in Paragraph 27 to the extent they are inconsistent with those agreements and applicable law.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 27.

28.    The allegations in Paragraph 28 are vague, summary in nature, and state conclusions of law, and therefore require no response.  To the extent a response is required, SPS denies the allegations in Paragraph 28 because the terms and legal authority under which SPS services loans vary.  SPS states that its service agreements and applicable law speak for themselves and are the best evidence of their contents and denies the allegations in Paragraph 28 to the extent they are inconsistent with those agreements and applicable law.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 28.

## 1. Overview of the Mortgage Industry and Its Standardized Lending Practices

29.    The allegations in Paragraph 29 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that the terms, conditions, and amounts of any particular loan speak for themselves and are the best evidence of their contents, otherwise denies the allegations in Paragraph 29, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.

30.    The allegations in Paragraph 30 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that the terms, conditions, and amounts of any particular loan and the referenced standards speak for themselves and are the best evidence of their contents, otherwise denies the allegations in Paragraph 30, and specifically denies that the forms of Plaintiffs'

mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.

31.     The allegations in Paragraph 31 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that the terms, conditions, and amounts of any particular loan and the referenced standards speak for themselves and are the best evidence of their contents, otherwise denies the allegations in Paragraph 31, specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.

32.     The allegations in Paragraph 32 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that any particular mortgage or deed of trust and the referenced templates speak for themselves and are the best evidence of their contents, otherwise denies the allegations in Paragraph 32, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.

33.     The allegations in Paragraph 33 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that any particular borrower's loan documents and the referenced templates speak for themselves and are the best evidence of their contents, states that it lacks sufficient information and knowledge about the processes individual borrowers go through and the practices of unspecified mortgage lenders to form a belief as to those allegations, and so denies them, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the

mortgage loan agreements for all of the other putative class members.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 33.

34.    The allegations in Paragraph 34 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that it lacks sufficient information and knowledge about the practices of unspecified mortgage lenders and the GSEs to form a belief as to those allegations, and so denies them, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 34.

35.    The allegations in Paragraph 35 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS admits that it is sometimes retained by third parties to service or sub-service mortgage loans, states that it lacks sufficient information and knowledge about the practices of unspecified mortgage lenders, primary servicers, and the GSEs to form a belief as to those allegations, and so denies them, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 35.

## 2. Mortgage Lenders and Note Holders Retain Mortgage Servicers Like SPS to Accept Payments and Collect Mortgage Debt from Borrowers.

36.    The allegations in Paragraph 36 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of all mortgage servicers, sub-servicers, lenders and GSEs and therefore denies the allegations in Paragraph 36.

37.    The allegations in Paragraph 37 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of all mortgage servicers, sub-servicers, lenders and GSEs, states that any particular servicing agreement, fee schedule, loan template, and deed of trust or note showing mortgage loan balance speaks for itself and is the best evidence of its contents, and otherwise denies the allegations in Paragraph 37.

38.    The allegations in Paragraph 38 allege no facts as to SPS and are vague, general, without foundation, and speculative and therefore require no response.  To the extent a response is required, SPS states that it lacks sufficient information and knowledge about hypothetical "consumer borrowers" to form a belief as to the allegations in Paragraph 38, and so denies them.

**B.  SPS is a Debt Collector That Charges Pay-to-Pay Fees to Increase Its Profits.**

39.    The allegations in Paragraph 39 are introductory and conclusory in nature, vague, and contain conclusions of law and therefore require no response.  To the extent a response is required, SPS admits that it services mortgage loans throughout the United States, it is headquartered in Utah, it has certain registrations and licensures in certain states, and it is sometimes retained by other entities to service mortgage loans, states that the terms of any specific mortgage loan agreement speak for themselves and are the best evidence of their contents, otherwise denies the allegations in Paragraph 39, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 39.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    With respect to the allegations in the first sentence of Paragraph 44, SPS states that any particular mortgage loan agreement speaks for itself and is the best evidence of its contents, otherwise denies the allegations in the first sentence of Paragraph 44, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.  With respect to the allegations in the second sentence of Paragraph 44, SPS states that the referenced report speaks for itself and is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the referenced report. The allegations in the third, fourth, and fifth sentences of Paragraph 44 allege no facts as to SPS and are vague, general, and speculative, and therefore require no response.  To the extent a response to the allegations in the third, fourth, and fifth sentences of Paragraph 44 is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of all mortgage servicers, and so denies those allegations.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 44.

45.    The allegations in Paragraph 45 allege no facts as to SPS and are vague, general, and speculative, and therefore require no response.  To the extent a response is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of all mortgage servicers, and so denies those allegations.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 45.

46.    The allegations in Paragraph 46 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response

is required, SPS states that it lacks sufficient information and knowledge about the behavior of hypothetical borrowers to form a belief as to the allegations, and so denies the allegations in Paragraph 46.

47.    The allegations in Paragraph 47 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of unspecified mortgage servicers, and so denies the allegations in Paragraph 47.

48.    The allegations in Paragraph 48 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of unspecified mortgage servicers, and so denies the allegations in Paragraph 48.

49.    Denied.

50.    The allegations in Paragraph 50 are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS denies the allegations in the first sentence of Paragraph 50.  SPS lacks information and knowledge sufficient to form a belief as to the allegations in the second sentence of Paragraph 50, and so denies them.  With respect to the allegations in the third sentence of Paragraph 50, SPS states that the referenced report speaks for itself and is the best evidence of its contents and denies the allegations in the third sentence of Paragraph 50 to the extent they are inconsistent with the referenced report.  With respect to the allegations in the fourth sentence of Paragraph 50, SPS admits only that it does not use any vendor or third party to process mortgage loan payments, and

otherwise denies the allegations in the fourth sentence of Paragraph 50. Except as expressly admitted herein, SPS denies the allegations in Paragraph 50.

51.    Denied.

52.    The allegations in Paragraph 52 are vague, general, without foundation, and speculative, and therefore require no response. To the extent a response is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of unspecified mortgage loan servicers, and so denies those allegations, and otherwise denies the allegations in Paragraph 52.

53.    Denied.

54.    Denied.

### C. SPS's Pay to Pay Fees are Oppressive, Substantially Injurious to Consumers, and Violate Public Policy.

55.    The allegations in Paragraph 55 are introductory and conclusory in nature and state conclusions of law, and therefore require no response. To the extent a response is required, SPS states that it lacks particularized information and knowledge sufficient to form a belief as to the practices of other mortgage loan servicers and so denies those allegations, and otherwise denies the allegations in Paragraph 55.

56.    The allegations in Paragraph 56 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response. To the extent a response is required, SPS states that the referenced statements speak for themselves and are the best evidence of their contents, otherwise denies the allegations in Paragraph 56, and specifically denies that the EZ Pay fees are prohibited.

57.    The allegations in Paragraph 57 allege no facts as to SPS and are vague, general, without foundation, speculative, and contain conclusions of law, and therefore require no response.

To the extent a response is required, SPS states that the referenced announcements speak for themselves and are the best evidence of their contents, denies the allegations in Paragraph 57 to the extent they are inconsistent with the referenced announcements, otherwise denies the allegations in Paragraph 57, and specifically denies that the EZ Pay fees are unfair.

58.     The allegations in Paragraph 58 allege no facts as to SPS and are vague, general, without foundation, speculative, and contain conclusions of law, and therefore require no response. To the extent a response is required, SPS states that the referenced advisory opinion speaks for itself and is the best evidence of its contents, denies the allegations in Paragraph 58 to the extent they are inconsistent with the referenced advisory opinion, otherwise denies the allegations in Paragraph 58, and specifically denies that the EZ Pay fees are not contractually or legally authorized, or prohibited.

59.     The allegations in Paragraph 59 allege no facts as to SPS and are vague, general, without foundation, speculative, and contain conclusions of law, and therefore require no response. To the extent a response is required, SPS states that the referenced amicus brief speaks for itself and is the best evidence of its contents, denies the allegations in Paragraph 59 to the extent they are inconsistent with the referenced amicus brief, otherwise denies the allegations in Paragraph 59, and specifically denies that the EZ Pay fees are prohibited and not authorized by agreement or permitted by law.

60.     The allegations in Paragraph 60 allege no facts as to SPS and are vague, general, without foundation, speculative, and contain conclusions of law, and therefore require no response. To the extent a response is required, SPS states that the referenced bulletin speaks for itself and is the best evidence of its contents, denies the allegations in Paragraph 60 to the extent they are

inconsistent with the referenced bulletin, otherwise denies the allegations in Paragraph 60, and specifically denies that the EZ Pay fees violate any laws.

61.    The allegations in Paragraph 61 allege no facts as to SPS and are vague, general, without foundation, and speculative, and therefore require no response.  To the extent a response is required, SPS states that the referenced comments speak for themselves and are the best evidence of their contents, denies the allegations in Paragraph 61 to the extent they are inconsistent with the referenced comments, and otherwise denies the allegations in Paragraph 61.

62.    The allegations in Paragraph 62 allege no facts as to SPS and are vague, general, without foundation, speculative, and contain conclusions of law, and therefore require no response. To the extent a response is required, SPS states that the referenced press release speaks for itself and is the best evidence of its contents, denies the allegations in Paragraph 62 to the extent they are inconsistent with the referenced press release, otherwise denies the allegations in Paragraph 62, and specifically denies that the EZ Pay fees are unlawful.

### D. Plaintiffs' Allegations

63.    With respect to the allegations in the first, second, and third sentences of Paragraph 63, SPS states that the referenced Deed of Trust, mortgage, and refinance Deed of Trust speak for themselves and are the best evidence of their contents and denies the allegations in the first, second, and third sentences of Paragraph 63 to the extent they are inconsistent with the referenced documents.  With respect to the allegations in the fourth sentence of Paragraph 63, SPS states that it lacks sufficient information and knowledge about the use of Hardnett's property to form a belief as to those allegations, and so denies them.

64.    The allegations in Paragraph 64 are vague and therefore require no response.  To the extent a response is required, SPS admits that Hardnett has a mortgage loan serviced by SPS. Except as otherwise expressly admitted herein, SPS denies the allegations in Paragraph 64.

65.    SPS denies the allegations in the first sentence of Paragraph 65.  With respect to the allegations in the second sentence of Paragraph 65, SPS admits only that prior to the statute of limitations period applicable to the claims that Plaintiffs purport to assert in this case, Hardnett was charged a nominal EZ Pay fee when she requested that SPS provide her with the service of taking her monthly mortgage payments by telephone, rather than through the United States mails (as her mortgage loan agreements provide) or other no-fee payment options SPS offers.  Further answering, SPS states that Hardnett's mortgage loan is due for the March 2021 payment and Hardnett is not currently being charged EZ Pay fees by SPS and she will not be charged EZ Pay fees by SPS in the future.  Except as otherwise expressly admitted herein, SPS denies the allegations in Paragraph 65.

66.    With respect to the allegations in the first and second sentences of Paragraph 66, SPS states that the referenced mortgage and Deed of Trust speak for themselves and are the best evidence of their contents and denies the allegations in the first and second sentences of Paragraph 66 to the extent they are inconsistent with the referenced documents.  With respect to the allegations in the third sentence of Paragraph 66, SPS states that it lacks sufficient information and knowledge about the use of Dennis's property to form a belief as to those allegations, and so denies them.

67.    The allegations in Paragraph 67 are vague and therefore require no response.  To the extent a response is required, SPS admits that Dennis has a mortgage loan serviced by SPS. Except as otherwise expressly admitted herein, SPS denies the allegations in Paragraph 67.

68.     With respect to the allegations in the first sentence of Paragraph 68, SPS admits that on some occasions Dennis makes payments over the phone, and otherwise denies the allegations in Paragraph 68.  With respect to the allegations in the second sentence of Paragraph 68, SPS admits only that on June 30, 2022, Dennis was charged a nominal EZ Pay fee when she requested that SPS provide her with the service of taking her monthly mortgage payments by telephone, rather than through the United States mails (as her mortgage loan agreements provide) or other no-fee payment options SPS offers.  Except as otherwise expressly admitted herein, SPS denies the allegations in Paragraph 68.

69.     Denied.

70.     With respect to the allegations in Paragraph 70, SPS states that the referenced documents speak for themselves and are the best evidence of their contents, denies the allegations in Paragraph 70 to the extent they are inconsistent with the referenced documents, and specifically denies that the forms of Plaintiffs' mortgage loan agreements are the same as the mortgage loan agreements for all of the other putative class members.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

**E.  SPS Has Been Repeatedly Informed of the Wrongful and Illegal Nature of its Pay-to-Pay Fees.**

76.     Denied.

77.     The allegations in Paragraph 77 contain conclusions of law and therefore require no response.  To the extent a response is required, SPS states that prior to filing the Amended

Complaint, Hardnett sent SPS a letter, states that the letter speaks for itself and is the best evidence of its contents, denies the allegations in Paragraph 77 to the extent they are inconsistent with the referenced document, otherwise denies the allegations in Paragraph 77, and specifically denies that the referenced document constituted proper notice.

78.     The allegations in Paragraph 78 contain conclusions of law and therefore require no response.  To the extent a response is required, SPS states that Dennis sent SPS a letter dated June 5, 2024, states that the letter speaks for itself and is the best evidence of its contents, denies the allegations in Paragraph 78 to the extent they are inconsistent with the referenced document, otherwise denies the allegations in Paragraph 78, and specifically denies that the referenced document constituted proper notice.

79.     The allegations in Paragraph 79 contain conclusions of law and therefore require no response.  To the extent a response is required, SPS denies the allegations in Paragraph 79, and specifically denies that any class should be certified.

80.     Denied.

81.     The allegations in Paragraph 81 are vague, conclusory, speculative, and state conclusions of law, and therefore require no response.  To the extent a response is required, SPS denies the allegations, including as to unspecified statements, positions, and actions, and specifically denies that the EZ Pay fees are illegal or violate any law.

82.     The allegations in Paragraph 82 contain conclusions of law, and therefore require no response.  To the extent a response is required, SPS states that the FTC Order speaks for itself and is the best evidence of its contents, denies the allegation in Paragraph 82 to the extent they are inconsistent with the FTC Order, otherwise denies the allegations in Paragraph 82, and specifically denies that the EZ Pay fees are unreasonable and are not permitted by agreement or law.

83.     With respect to the allegations in Paragraph 83, SPS states that certain borrowers, represented by the same counsel as Plaintiffs' counsel in this lawsuit, filed other lawsuits against SPS challenging SPS' EZ Pay fees, including the case captioned *DeSimone et al. v. Select Portfolio Servicing, Inc*., Case No. 1:20-cv-03837-PKC-TAM, which is pending in the Eastern District of New York, states that those lawsuits speak for themselves and are the best evidence of the allegations asserted in those complaints and the status of those lawsuits, and denies the allegations in Paragraph 83 to the extent they are inconsistent with those lawsuits.

84.     The allegations in Paragraph 84 are vague, conclusory, speculative, and state conclusions of law, and therefore require no response.  To the extent a response is required, SPS denies the allegations, including as to unspecified lawsuits, states that the referenced lawsuits speak for themselves and are the best evidence of their allegations, timing, and locations, denies the allegations to the extent they are inconsistent with those lawsuits, and otherwise denies the allegations in Paragraph 84.

85.     Denied.

86.     In response to the allegations contained in Paragraph 86, SPS admits that it sometimes charges EZ Pay fees, and otherwise denies the allegations in Paragraph 86.

87.     Denied.

## CLASS ACTION ALLEGATIONS

88.     With respect to the allegations in Paragraph 88, SPS admits only that Plaintiffs purport to bring this lawsuit on behalf of a putative class.  SPS denies all other allegations in Paragraph 88, and specifically denies that any class should be certified.

89.     The allegations in Paragraph 89 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 89, and specifically denies that any class should be certified.

90.     With respect to the allegations in Paragraph 90, SPS admits only that Plaintiffs purport to bring this lawsuit on behalf of a putative class.  SPS denies all other allegations in Paragraph 90, and specifically denies that any class should be certified.

91.     With respect to the allegations in Paragraph 91, SPS admits only that Plaintiffs purport to bring this lawsuit on behalf of a putative class.  SPS denies all other allegations in Paragraph 91, and specifically denies that any class should be certified.

92.     Denied.

93.     The allegations in Paragraph 93 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 93, and specifically denies that any class should be certified.

94.     The allegations in Paragraph 94, including subparts (a) through (g), state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 94, including subparts (a) through (g), and specifically denies that any class should be certified.

95.     The allegations in Paragraph 95 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 95, and specifically denies that any class should be certified.

96.     The allegations in Paragraph 96 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 96, and specifically denies that any class should be certified.

97.     The allegations in Paragraph 97 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 97, and specifically denies that any class should be certified.

98.     The allegations in Paragraph 98 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 98, and specifically denies that any class should be certified.

99.     The allegations in Paragraph 99 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 99, and specifically denies that any class should be certified.

## COUNT I

## VIOLATIONS OF THE D.C. MORTGAGE LENDER AND BROKER ACT

100.     SPS realleges and incorporates by reference its answers to Paragraphs 1-99 as if fully set forth herein.

101.     The allegations in Paragraph 101 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with D.C. Code § 26-1101(1), and otherwise denies the allegations in Paragraph 101.

102.     The allegations in Paragraph 102 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with D.C. Code § 26-1101(12), and otherwise denies the allegations in Paragraph 102.

103.     The allegations in Paragraph 103 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with D.C. Code § 26-1101(11)(A)(iii), and otherwise denies the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations to the extent they are inconsistent with D.C. Code § 26-1102, and otherwise denies the allegations in Paragraph 104.

105.    With respect to the allegations in the first sentence of Paragraph 105, SPS states that D.C. Code § 26-1114(1) speaks for itself and is the best evidence of its contents and denies the allegations in the first sentence of Paragraph 105 to the extent they are inconsistent with D.C. Code § 26-1114(1).  SPS denies the allegations in the second sentence of Paragraph 105.

106.    With respect to the allegations in the first sentence of Paragraph 106, SPS states that D.C. Code § 26-1114(2) speaks for itself and is the best evidence of its contents and denies the allegations in the first sentence of Paragraph 106 to the extent they are inconsistent with D.C. Code § 26-1114(2).  SPS denies the allegations in the second sentence of Paragraph 106.

107.    With respect to the allegations in the first sentence of Paragraph 107, SPS states that the cited regulations speak for themselves and are the best evidence of their contents and denies the allegations in the first sentence of Paragraph 107 to the extent they are inconsistent with the cited regulations.  SPS denies the allegations in the second sentence of Paragraph 107.

108.    Denied.

## COUNT II

## VIOLATIONS OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT

109.    SPS realleges and incorporates by reference its answers to Paragraphs 1-108 as if fully set forth herein.

110.    The allegations in Paragraph 110 state conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations to the extent they are

inconsistent with D.C. Code § 28-3901(a)(2) and otherwise denies the allegations in Paragraph 110.

111.    Denied.

112.    With respect to the allegations in the first sentence of Paragraph 112, SPS states that D.C. Code § 28-3904(e) speaks for itself and is the best evidence of its contents, denies the allegations in the first sentence of Paragraph 112 to the extent they are inconsistent with D.C. Code § 28-3904(e), and otherwise denies the allegations in the first sentence of Paragraph 112. SPS denies the allegations in the second sentence of Paragraph 112.

113.    With respect to the allegations in the first sentence of Paragraph 113, SPS states that D.C. Code § 28-3904(e-1) speaks for itself and is the best evidence of its contents, denies the allegations in the first sentence of Paragraph 113 to the extent they are inconsistent with D.C. Code § 28-3904(e-1), and otherwise denies the allegations in the first sentence of Paragraph 113. SPS denies the allegations in the second sentence of Paragraph 113.

114.    With respect to the allegations in the first sentence of Paragraph 114, SPS states that D.C. Code § 28-3904(f) speaks for itself and is the best evidence of its contents and denies the allegations in the first sentence of Paragraph 114 to the extent they are inconsistent with D.C. Code § 28-3904(f). SPS denies the allegations in the second sentence of Paragraph 114.

115.    With respect to the allegations in the first sentence of Paragraph 115, SPS states that D.C. Code § 28-3904 speaks for itself and is the best evidence of its contents and denies the allegations in the first sentence of Paragraph 115 to the extent they are inconsistent with D.C. Code § 28-3904. SPS denies the allegations in the second sentence of Paragraph 115, including subparts (a) through (c).

116.    With respect to the allegations in the first two sentences of Paragraph 116, SPS states that D.C. Code § 28-3905(k)(1)(A) speaks for itself and is the best evidence of its contents and denies the allegations in the first two sentences of Paragraph 116 to the extent they are inconsistent with D.C. Code § 28-3905(k)(1)(A).  SPS denies the allegations in the third sentence of Paragraph 116.

117.    Denied.

## PRAYER FOR RELIEF

With respect to the allegations in the unnumbered paragraph entitled "Prayer for Relief," including subparts (1) through (7), SPS denies that Plaintiffs and any putative class members are entitled to or should be provided any relief and specifically denies that any class should be certified.

## PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

The allegations in the unnumbered paragraph following the "Prayer for Relief" are a demand for a jury trial and require no response.  To the extent a response is required, SPS denies that Plaintiffs is entitled to a trial by jury and denies that any class should be certified.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they did not each pay EZ Pay fees during the statutes of limitations periods applicable to their claims.

### THIRD DEFENSE

Plaintiffs lack standing to assert their claims in whole or in part.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches, waiver, or estoppel.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they failed to provide SPS with adequate pre-suit notice of their claims and an opportunity to cure.

### SIXTH DEFENSE

Plaintiffs' claims are barred or limited by all defenses, exceptions, and exclusions, statutory or otherwise, available under the MLBA, and SPS reserves and asserts all such defenses as if fully set forth herein.

### SEVENTH DEFENSE

Plaintiffs' claims are barred or limited because the MLBA does not contain a private right of action and so Plaintiffs lack standing to assert the claim.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred or limited by all defenses, exceptions, and exclusions, statutory or otherwise, available under the CPPA, and SPS reserves and asserts all such defenses as if fully set forth herein.

**NINTH DEFENSE**

Plaintiffs' claims are barred or limited because there is no "consumer-merchant" relationship between Plaintiffs and SPS under the CPPA.

**TENTH DEFENSE**

To the extent a statutory claim is derivative of or relies on proof of another statutory claim, the former claim is barred or limited to the extent applicable to that latter statutory claim.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred or limited by principles of *in pari delicto*, unclean hands, wrongful inducement, fraud, estoppel, and unjust enrichment because Plaintiffs knew that SPS was only offering and providing its special payment service with an expectation of payment of an "EZ Pay" fee and they induced SPS to provide that service with no intention of ultimately paying for it.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred or limited by the doctrine of waiver and their acceptance of the benefit of SPS' special services with knowledge and awareness that they had no right to receive that service under the mortgage loan agreement and applicable law and their knowledge and awareness that SPS was only offering and providing that service with an expectation of payment of an "EZ Pay" fee.

### THIRTEENTH DEFENSE

Any injury or damage to Plaintiffs should be offset by amounts owed by Plaintiffs and in the amount of any benefits received by Plaintiffs.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred or limited by their voluntary payment and consent to the "EZ Pay" charges at issue.

### FIFTEENTH DEFENSE

Plaintiffs agreed to pay the "EZ Pay" fees in exchange for SPS' special payment service, which bars their claims.

### SIXTEENTH DEFENSE

SPS hereby pleads and relies upon all rights and defenses that arise by virtue of the status, conduct, or rights of any third party that SPS serviced the loan for or acted on behalf of or in whose shoes it stands or whose rights it (or such third parties) obtained, including release, accord and satisfaction, and the protections of banking preemption.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred or limited because SPS always conducted itself in accordance with the contractual obligations owed to Plaintiffs, or was excused therefrom by Plaintiffs' own conduct.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred or limited because this suit is a breach of their agreement to pay the "EZ Pay" fees.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred or limited because they have breached their agreement to make mortgage payments.

**TWENTIETH DEFENSE**

Plaintiffs failed to mitigate their damages, if any, and/or otherwise has incurred damages as a consequence of their own actions or inaction, for which SPS is not legally responsible, and, therefore, Plaintiffs cannot recover some or all of their alleged damages.

**TWENTY-FIRST DEFENSE**

The actions and "EZ Pay" fee charges by SPS were permitted, licensed and privileged by the federal court Order Preliminarily Approving Stipulated Final Judgment and Order as to Fairbanks Capital Corp. and Fairbanks Capital Holding Corp., *United States of America v. Fairbanks Capital Corp., Fairbanks Capital Holding Corp., and Thomas D. Basmajian*, Case No. 1:03-cv-12219 (D. Mass), Document No. 6, filed Nov. 21, 2003, and Modified Stipulated Final Judgment and Order, *United States of America v. Select Portfolio Servicing, Inc. (formerly Fairbanks Capital Corp.), SPS Holding Corp. (formerly Fairbanks Capital Holding Corp.), and Thomas D. Basmajian*, Case No. 1:03-cv-12219 (D. Mass), Document No. 96, filed Sept. 6, 2007, and SPS' conduct with respect to Plaintiffs was in compliance with those orders' requirements.

**TWENTY-SECOND DEFENSE**

Recovery on Plaintiffs' claims are barred or limited because SPS acted reasonably and in good faith in reliance on the orders set forth in the Twenty-First Defense.

**TWENTY-THIRD DEFENSE**

This lawsuit is barred or limited to the extent it is an impermissible collateral attack on the orders set forth in the Twenty-First Defense.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims implicate the orders set forth in the Twenty-First Defense, so this Court has no jurisdiction over this matter or should yield under the doctrine of primary jurisdiction.

**TWENTY-FIFTH DEFENSE**

The actions by SPS were consistent with, and permitted by, written and oral contracts, and applicable federal and state law, governing the conduct at issue, and to that extent cannot be the subject of a recovery in this action.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred or limited to the extent they overlap with and/or share a factual basis with other actions against SPS concerning the EZ Pay fees and/or the judgments in those actions, and this case should be dismissed, stayed, or transferred based on such other actions.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred or limited to the extent they overlap with and/or concern the same subject matter as other actions commenced on Plaintiffs' behalf or in which Plaintiffs might be a member of a class and/or the judgments in those actions, and this case should be dismissed, stayed, or transferred based on such other actions.

**TWENTY-EIGHTH DEFENSE**

All putative class allegations and claims should be stricken or dismissed, and any class certification motion should be denied, because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

**TWENTY-NINTH DEFENSE**

With respect to absent class members, in the event Plaintiffs are allowed to pursue class certification, SPS reserves all defenses and affirmative defenses, claims and issues individual to particular class members, including, but not limited to, the defenses of arbitration, bankruptcy,

and/or that their claims may be barred or limited by principles of preemption, *res judicata*, collateral estoppel, claim preclusion, release, judgment, statute of limitations, laches, settlement, contractual permission, authorization, or waiver, or any of the defenses asserted in this Answer as to the claims of Plaintiffs.

## THIRTIETH DEFENSE

SPS is not liable to Plaintiffs because Plaintiffs did not suffer any injury proximately caused by SPS.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims for statutory penalties and punitive or exemplary damages would violate the Due Process Clause of the United States Constitution.

## THIRTY-SECOND DEFENSE

SPS hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

SPS expressly reserves its right to amend this Answer, including, but not limited to, asserting additional defenses, or making additional claims for future relief or in the event of any future change in the nature or scope of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Amended Complaint, SPS respectfully requests:

1.    That the Amended Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby; and

2.    That SPS be awarded its costs and disbursements herein, and a reasonable attorneys' fee, to be taxed or awarded as provided by law.

Dated: August 9, 2024

By: */s/ Alyssa A. Sussman*
Alyssa A. Sussman (*pro hac vice*)
ASussman@goodwinlaw.com
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333

Collin M. Grier (SBN 90002896)
CGrier@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically mailed through the electronic filing system this 9th day of August, 2024 to registered participants and via electronic mail to all non-registered participants.

<u>/s/ *Alyssa A. Sussman*</u>
Alyssa A. Sussman (*pro hac vice*)